IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FREDERICK E. FRANKLIN and
SYLVIA FRANKLIN,                     :

    Plaintiff,                       :

vs.                                  :    CIVIL ACTION 14-0040-WS-M

MOBILE HOUSING BOARD,                :

    Defendant.                       :


REPORT AND RECOMMENDATION

Plaintiffs, who are proceeding *pro se*, filed a Complaint together with a joint Motion to Proceed Without Prepayment of Fees and an exhibit of fifty pages. (Docs. 1, 2, 3). Their Motion to Proceed Without Prepayment of Fees was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1), which provides for the automatic referral of non-dispositive pretrial matters to a Magistrate Judge.[1] For the reasons set forth herein, it is

---

[1] In considering Plaintiffs' Motion, the Magistrate Judge is required to screen Plaintiffs' Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions). Section 1915(e)(2)(B) provides for the dismissal of an action at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

recommended that this action be dismissed without prejudice for failure to prosecute and to obey the Court's Orders.

Upon review of Plaintiffs' Motion to Proceed Without Prepayment of Fees, the Court ordered that each Plaintiff file his and her own motion to proceed without prepayment of fees and sent them two form motions for doing so. (Doc. 4). They were warned that the failure to file an individual motion or to file a motion that complies with Court's directives would result in the imposition of sanctions, which included the dismissal of this action. (*Id.* at 2).

Contemporaneous with its consideration of Plaintiffs' Motion, the Court screened Plaintiffs' Complaint, as it is required to do under 28 U.S.C. § 1915(e)(2)(B), and found that it failed to establish this Court's subject matter jurisdiction over their action and to state a claim upon which relief can be granted. (*Id.* at 5-10). Thereupon, the Court granted Plaintiffs leave to file an amended complaint that corrected the noted deficiencies and complied with the Court's instructions for pleading their action. (*Id.* at 10-12). Plaintiffs were warned that if they did not file a complying amended complaint that their action would be dismissed without prejudice. (*Id.* at 12).

In response to the Court's Order, one Motion to Proceed Without Prepayment of Fees was filed for both Frederick E.

2

Franklin and Sylvia Franklin.  (Doc. 5).  Finding that this Motion to Proceed Without Prepayment of Fees did not comply with the Court's Order to file separate motions, the Court denied the Motion and granted leave for each Plaintiff to file a separate motion to proceed without prepayment of fees on or before July 3, 2014. (Doc. 6 at 1).  Plaintiffs were warned that the failure to comply would result in the dismissal of this action.  (*Id.* at 2).  To date, no motion has been filed, nor has an amended complaint been filed.

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 631-32, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).  The court's authority to control proceedings before it "includes the authority to impose reasonable and appropriate sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.,* 307 F.3d 1332, 1335 (11th Cir. 2002) (quotation marks and citation omitted).  "The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo v. Sugar Cane Growers Co-op of Fla.,* 864 F.2d 101, 102 (11th Cir. 1989); *see Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (the

3

inherent powers of the courts include the power to dismiss an action for failure to comply with an order); *Flaska v. Little River Marine Constr. Co.,* 389 F.2d 885, 887 (5th Cir.) ("It is well established that the district court has the authority to dismiss. . . for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure."), *cert. denied,* 392 U.S. 928 (1968);[2] *see also Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir. 1999) (Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for . . . failure to comply with a court order[.]").

The sanction of "dismissal is warranted only upon a 'clear record of delay or willful contempt *and* a finding that lesser sanctions would not suffice.'" *Mingo,* 864 F.2d at 102 (quoting *Goforth,* 766 F.2d at 1535). "Contumacious conduct warranting dismissal for failure to prosecute includes such activities as protracted foot-dragging, defiance of court orders, ignoring warnings, and wasteful expenditure of the court's time." *Green v. Department of Housing & Urban Dev.,* CA No. 10-0473-WS-M, 2011 WL 98542, at *2 (S.D. Ala. Jan. 10, 2011) (Steele, C.J.) (unpublished) (quotation marks and citation omitted).

---

[2] The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Conduct of this nature is present in this action. Here, Plaintiffs have shown a disregard for the Court's warnings and Orders and have unnecessarily caused an expenditure of the Court's time and resources.

Notwithstanding, the Court is required to consider whether a lesser sanctions will suffice. *Mingo,* 864 F.2d at 102. In this instance, no other effective sanctions are available because Plaintiffs, who are *pro se*, will not abide by the Court's Orders and are seeking leave to proceed *in forma pauperis* in their action for being terminated from the Mobile Housing Board Program's Housing Choice Voucher. Thus, a monetary fine would have no effective on Plaintiffs. Consequently, the most appropriate sanction is the dismissal of this action without prejudice. It is, therefore, recommended that this action be dismissed without prejudice for failure to prosecute and to obey the Court's Orders.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent,

5

"the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 11th day of July, 2014.

<u>s/ BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE